IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Info-Hold, Inc.**, | : | Case No. 1:06cv543 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | Order |
| **Trusonic, Inc.**, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Produce Documents from the Files of John E. Holmes, Esq. and Roylance Abrams Berdo & Goodman (doc. 13); Plaintiff's Response in Opposition (doc. 15); and Defendant's Reply in Support (doc. 16). Also before the Court is Defendant's Motion to Amend its Answer and Counterclaim (doc. 21); Plaintiff's Response in Opposition, which included a separate Motion for Relief Relating to the SMI Agreement (docs. 30, 31); and Defendant's Reply in Support (doc. 35). For the reasons that follow, the Court defers ruling on Defendant's Motion to Compel pending Plaintiff's production of a privilege log as described below, grants Defendant's Motion to Amend, and denies Plaintiff's Motion for Relief.

**I.     Motion to Compel**

The parties appeared before the Court on April 30, 2007 for a hearing on Defendant's Motion to Compel. At that hearing, the Court ordered Plaintiff to provide Defendant, by May 11, 2007, with a privilege log drafted with greater specificity than the privilege log produced by Plaintiff in *Info-Hold v. Sound Merchandising*, U.S. District Court, Southern District of Ohio, Case No. 1:03cv925 (attached to Defendant's Motion to Compel as Ex. A). The Court will

determine the merits of Defendant's Motion after reviewing Plaintiff's privilege log concerning the files of John E. Holmes, Esq. and Roylance Abrams Berdo & Goodman.[1] Thus, the Court defers ruling on Defendant's Motion to Compel (doc. 13).

## II. Motion for Leave to Amend

Defendant's Motion for Leave to Amend (doc 21) is GRANTED.

## III. Motion for Relief

Plaintiff's Motion for Relief (docs. 30, 31) is DENIED for lack of jurisdiction. Any interpretation of or determination as to a breach of the settlement agreement between Info-Hold and Sound Merchandising is a matter for the judge presiding over *Info-Hold v. Sound Merchandising* to decide.

IT IS SO ORDERED.

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[1] While it is not able to rule on Defendant's Motion to Compel without the benefit of a privilege log concerning the documents Plaintiff has not produced (the "Withheld Documents"), the Court will address Defendant's argument that Plaintiff's disclosure of two letters containing attorney-client communications (the "Holmes-Wood Letters") during discovery in the *Sound Merchandising* lawsuit is an express waiver as to "all communications concerning the meaning and scope of the claims in the four subject patents, and the parties' knowledge of products made by others (including prior art products) that may fall within the scope of any of those claims, either before or after they were allowed by the United States Patent and Trademark Office" (the "Subject Matter"). (Doc. 16 n. 7.) The Court holds that disclosure of the Holmes-Wood Letters did not waive any attorney-client privilege that might attach to Withheld Documents pertaining to the Subject Matter, particularly in light of the fact that the letters were disclosed in another lawsuit. Notwithstanding this conclusion, the Court expressly withholds ruling at this time on whether the Withheld Documents are entitled to privilege or immunity.