# Exhibit H



ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE

William S. Morriss
(513) 651-6915
WMORRISS@FBTLAW.COM

May 22, 2007

*Via Electronic Mail and U.S. Mail*

Mr. Daniel J. Wood
Info-Hold, Inc.
4120 Airport Road
Cincinnati, Ohio 45226

      Re:   *Info-Hold, Inc. v. Trusonic, Inc.*, No. 1:06-cv-00543-SJD
             **Discovery**

Dan,

      On several occasions we have asked Plaintiff to consider an agreement under which each party would deliver copies of documents it is producing in discovery in this case to the other, without requiring the other to arrange and conduct on-site inspection and copying at the producing party's business premises. Plaintiff has not replied. We urge Plaintiff to agree to this arrangement. Plaintiff should not expect Trusonic to deliver copies of documents it is producing to Plaintiff if Plaintiff does not extend reciprocal courtesy.

      A Protective Order has been entered by Judge Dlott. Accordingly, we are now requesting that Plaintiff deliver to us copies of documents responsive to request nos. 7(b)(i), 8(b), 13(b), 14(b), 15(b), 18, 48, 50, 51, and 53 contained in Defendant's First Combined Set of Interrogatories and Requests for Production of Documents.

      With respect to documents responsive to request no. 50, documents produced by Info-Hold in discovery in *Info-Hold, Inc. v. Sound Merchandising, Inc.*, all such documents should be produced as they were produced in the *SMI* case, *i.e.*, bearing the same production numbers they did when they were produced in that case. The includes all documents coming from the files of Mr. Holmes and/or the Roylance firm and produced in the *SMI* case.

May 22, 2007
Page 2

Additionally, Plaintiff's privilege log served upon us May 11, 2007 differs from the privilege log presented by Plaintiff in the *SMI* case, and evidences that Plaintiff has applied new production numbers to documents from the Holmes/Roylance files. Accordingly, Trusonic requests that Plaintiff produce copies of all Holmes/Roylance documents as renumbered by Plaintiff in this case, consistent with Plaintiff's privilege log served upon us on May 11, 2007.

We also request a copy of any cross reference document Plaintiff has prepared, cross referencing the numbered Holmes/Roylance documents withheld and listed on the privilege log in the SMI case, and those Plaintiff is withholding and has listed on the privilege log it has served in this case.

Finally, because the privilege log served upon us May 11, 2007 contains only conclusory assertions and does not include sufficient descriptive information or evidence to show how either the attorney client or work-product privilege applies to the listed documents, Defendant requests that Plaintiff supplement the privilege log, and provide substantiating evidence, showing specifically how each document listed as withheld (a) reflects communications made by a client to an attorney for the purpose of obtaining legal advice (for those in which attorney-client privilege is claimed) or (b) was prepared in anticipation of litigation or for trial by or for the Plaintiff. The information should include a description of what litigation was allegedly anticipated, and evidence to support such an assertion.

Please deliver the documents requested herein within 5 days, or otherwise, please advise when Plaintiff will be able to deliver them. Additionally please reply within 5 days concerning Plaintiff's willingness to provide the additional detail and evidence requested to supplement the privilege log.

Very truly yours,

FROST BROWN TODD LLC

William S. Morriss

WSM:prc

CINLibrary 0111162.0544862 1741128v1

